J-S73039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONALD S. MORGAN | : | |
| | : | |
| Appellant | : | No. 889 WDA 2018 |

Appeal from the PCRA Order May 21, 2018
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000991-2011

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY OLSON, J.: **FILED SEPTEMBER 05, 2019**

Appellant, Ronald S. Morgan, appeals from the order entered on May 21, 2018, granting in part and denying in part his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. On appeal, Appellant's court-appointed counsel filed both a petition to withdraw as counsel and an accompanying brief pursuant to **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009) and **Anders v. California**, 386 U.S. 738 (1967).[1] We conclude that Appellant's counsel complied with the procedural

---

[1] Counsel seeking to withdraw from post-conviction representation must satisfy the requirements of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a [brief pursuant to **Turner/Finley**]." **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted). Although counsel refers to the appellate brief submitted in this case as an "**Anders**" brief, we shall henceforth refer to the submission as a "**Turner/Finley**" brief, reflecting the correct line of authority under which it is filed.

requirements necessary to withdraw. Further, we conclude that the appeal is without merit. We affirm.

As we previously explained:

[During Appellant's trial, Appellant was represented by William Stockey, Esquire (hereinafter "Attorney Stockey").] Following a three-day jury trial in May 2013, Appellant was convicted of two counts of involuntary deviate sexual intercourse (IDSI), one count each of statutory sexual assault, aggravated indecent assault, and indecent assault, 104 counts of sexual abuse of children (photographing/videotaping/depicting on computer or filming sexual acts), 104 counts of sexual abuse of children (viewing/possessing child pornography), one count each of endangering the welfare of children and corruption of minors, and two counts of misdemeanor possessory drug offenses. With the exception of the drug convictions, all convictions involved offenses committed against the daughter (victim) of one of Appellant's friends, beginning when the victim was approximately eleven or twelve and continuing until she was fifteen.

[On February 19, 2014,] Appellant was sentenced to an aggregate term of not less than 182 months and not more than 364 months in prison. He also was determined to be [a sexually violent predator].

*Commonwealth v. Morgan*, 135 A.3d 661 (Pa. Super. 2015) (unpublished memorandum) at 1-22.

We affirmed Appellant's judgment of sentence on December 17, 2015; Appellant did not file a petition for allowance of appeal with our Supreme Court. *Id.*

On January 12, 2017, Appellant, through counsel, filed a timely PCRA petition. Appellant raised the following claims in his PCRA petition: 1) his sentence is illegal because it violates *Alleyne v. United States*, 570 U.S. 99

(2013); 2) Attorney Stockey was ineffective because he did not object to the fact that Appellant's sentence violated **Alleyne**; 3) Attorney Stockey was ineffective because he failed to "conduct zealous cross-examination of the [] victim;" 4) Attorney Stockey was ineffective because he failed to "object to various Commonwealth exhibits which were actually images of someone other than the victim;" 5) Attorney Stockey was ineffective because he "never shared the discovery materials with [Appellant] despite [Appellant's] repeated requests;" and, 6) Attorney Stockey was ineffective because he "failed to provide the trial court with a proper foundation to admit evidence for social media that the first time the [] victim had sex was long after she claimed [Appellant] had sex with her." Appellant's PCRA Petition, 1/12/17, at 10-25 (some capitalization omitted).

On August 25, 2017, the PCRA court held a hearing on the petition. During the hearing, Appellant testified on his own behalf and Appellant also presented the testimony of his friend, Keith Fries. **See** N.T. PCRA Hearing, 8/25/17, at 1-58. However, Attorney Stockey did not testify at the hearing and Appellant did not present any evidence from Attorney Stockey as to why he chose to pursue any particular strategy or course of conduct during trial. **See id.**

On May 21, 2018, the PCRA court entered an order granting in part and denying in part the petition. Specifically, the PCRA court granted Appellant relief on his illegal sentencing claim; thus, the PCRA court vacated Appellant's judgment of sentence and remanded the case for resentencing. PCRA Court

Order, 5/21/18, at 1. However, the PCRA court denied Appellant's petition in all other respects.[2] *Id.*

Even though Appellant's PCRA counsel was still counsel of record, Appellant filed a timely, *pro se* notice of appeal on June 12, 2018. On June 22, 2018, Appellant's PCRA counsel filed a petition to withdraw his appearance, where he claimed that the court must permit him to withdraw because of "an irreconcilable conflict of interest between [Appellant] and [himself]." PCRA Counsel's Petition to Withdraw, 6/22/18, at 1-2.

The PCRA court granted PCRA counsel's petition to withdraw on June 25, 2018. Eventually, new counsel was appointed to represent Appellant on this appeal.[3] Counsel then filed a ***Turner/Finley*** brief and a petition to withdraw in this Court.[4] The ***Turner/Finley*** brief raises the following claims:

> 1. Did trial counsel render ineffective assistance of counsel by[:]

---

[2] An order granting in part and denying in part all issues raised in a PCRA petition is a final order for purposes of appeal. ***Commonwealth v. Watley***, 153 A.3d 1034, 1039 n.3 (Pa. Super. 2016), *citing* ***Commonwealth v. Gaines***, 127 A.3d 15, 17-18 (Pa. Super. 2015) (*en banc*) (plurality).

[3] In a memorandum decision filed on December 20, 2018, this Court remanded the case to the PCRA court for the sole purpose of determining whether Appellant knowingly, voluntarily, and intelligently waived his right to a counseled PCRA appeal in accordance with ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). Upon remand, a ***Grazier*** hearing was held at which time it was determined that counsel would be appointed to represent Appellant in this PCRA appeal. Current counsel was appointed on or about February 19, 2019.

[4] The Commonwealth did not file a brief in this appeal.

A. Failing to conduct zealous cross-examination of the [] victim[?]

B. Failing to object to various Commonwealth exhibits which were actually images of videos of someone other than the victim[?]

C. Failing to provide proper foundation to admit certain possibly-exculpatory social media evidence[?]

D. Failing to disclose discovery materials with Appellant despite Appellant's request that he do so, and thereby deprive Appellant of the ability to actively participate in his own defense[?]

Appellant's Brief at 9-10 (some capitalization omitted).[5]

Prior to addressing the merits of the issues raised in counsel's *Turner/Finley* brief, we must determine whether counsel met the procedural requirements to withdraw. Counsel seeking to withdraw in PCRA proceedings:

must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the PCRA court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner/Finley*, the court — PCRA court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel

---

[5] For ease of discussion, we have re-numbered Appellant's claims on appeal.

that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Muzzy***, 141 A.3d 509, 510–511 (Pa. Super. 2016) (corrections and some quotations and citations omitted). In this case, counsel fulfilled the procedural requirements for withdrawing as PCRA counsel. Therefore, we will analyze the claims to determine whether they lack merit.

> When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a *de novo* standard.

***Commonwealth v. Lee***, 206 A.3d 1, 6 (Pa. Super. 2019) (citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). As this Court has explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones*, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some quotations and citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Stewart*, 84 A.3d at 707.

Appellant claims that Attorney Stockey was ineffective for failing to: 1) "conduct zealous cross-examination of the [] victim;" 2) "object to various Commonwealth exhibits which were actually images of someone other than the victim;" 3) "provide the trial court with a proper foundation to admit evidence for social media that the first time the [] victim had sex was long after she claimed [Appellant] had sex with her;" and, 4) "share[] the discovery materials with [Appellant] despite [Appellant's] repeated requests." Appellant's Brief at 9. We will examine Appellant's first three claims together.

Appellant's first three claims all concern matters of trial strategy. *See Commonwealth v. Brown*, 161 A.3d 960, 965-966 (Pa. Super. 2017) (holding that the trial counsel's failure to cross-examine the sexual assault victim was a reasonable trial strategy); *Commonwealth v. Spotz*, 870 A.2d 822, 832 (Pa. 2005) ("Counsel are not constitutionally required to forward any and all possible objections at trial, and the decision of when to interrupt oftentimes is a function of overall defense strategy being brought to bear upon issues which arise unexpectedly at trial and require split-second decision-making by counsel. The fact that an appellate court, reviewing a cold trial record, cannot prognosticate a reasonable basis for a particular failure to raise a plausible objection does not necessarily prove that an objectively reasonable basis was lacking. Objections sometimes highlight the issue for the jury, and curative instructions always do"). As we have explained:

> For matters of trial strategy, a PCRA petition[er] **must** provide an evidentiary basis on which to find trial counsel's actions unreasonable. To prevail on [an ineffective

- 8 -

assistance of counsel] claim, . . . [a petitioner bears] the burden of showing that trial counsel had no reasonable basis for his [action or] inaction.

. . .

In [**Commonwealth v. Weiss**, 81 A.3d 767 (Pa. 2013),] for example, the petitioner claimed [ineffective assistance of counsel] because his trial counsel did not ask for a cautionary instruction regarding prior bad acts evidence.  Our Supreme Court rejected his claim because, though given a hearing, the petitioner failed to question trial counsel regarding his decision not to do so:

> Because Appellant was given an evidentiary hearing and yet did not elicit from trial counsel his reasons for failing to request the cautionary charge, and because the decision whether to seek a jury instruction implicates a matter of trial strategy, [**Commonwealth v. Lesko**, 15 A.3d 345, 401 (Pa. 2011)], **the record before us provides no grounds for deeming counsel ineffective for failing to request an instruction**. **See** [**Commonwealth v. Koehler**, 36 A.3d 121, 147 (Pa. 2012) (rejecting an ineffectiveness claim premised on counsel's failure to request cautionary instructions because the petitioner did not ask trial counsel about his strategy at the PCRA hearing); **Commonwealth v. Puksar**, [951 A.2d 267, 278 (Pa. 2008)] (rejecting an ineffectiveness claim because, *inter alia*, PCRA counsel failed to question trial counsel during the PCRA hearing regarding his trial strategy for not calling a particular witness); **Commonwealth v. Ervin**, 766 A.2d 859 (Pa. Super. 2000) (rejecting claim challenging trial counsel's failure to object to the prosecutor's questioning and argument on the reasonable basis prong of the ineffectiveness test because the PCRA petitioner was afforded an evidentiary hearing, but failed to question trial counsel regarding his trial strategy as it related to the claim of ineffectiveness).

[**Weiss**, 81 A.3d at 801-802] (emphasis added).

Moreover, a lawyer should not be held ineffective without first having an opportunity to address the accusation in some

fashion. In fact, our Supreme Court has cautioned against finding no reasonable basis for trial counsel's actions in the absence of supporting evidence. The fact that an appellate court, reviewing a cold trial record, cannot prognosticate a reasonable basis for a particular failure to raise a plausible objection does not necessarily prove that an objectively reasonable basis was lacking.

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 783 (Pa. Super. 2015) (*en banc*) (footnote and some quotations and citations omitted) (emphasis in original).

Appellant's first three claims all implicate matters of trial strategy. Since Appellant did not present Attorney Stockey at the PCRA hearing, Appellant failed to satisfy his burden of production on the essential ineffective assistance of counsel element that "the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests." *Fulton*, 830 A.2d at 572. Therefore, Appellant's first three appellate claims are meritless.

Finally, Appellant claims that Attorney Stockey was ineffective for not "shar[ing] the discovery materials with [Appellant] despite [Appellant's] repeated requests." Appellant's Brief at 9. As the PCRA court explained, this claim is meritless:

> [Appellant] claims that [Attorney Stockey] rendered ineffective assistance in that he never shared discovery materials with [Appellant]. This action, [Appellant] argues, rendered him unable to participate in his own defense. . . .
>
> [During the PCRA] hearing, [Appellant] testified that, prior to trial, he had received "a copy of the incident report and . . . some general discovery materials." [N.T. PCRA Hearing, 8/25/17, at 8. However, Appellant complained that Attorney

- 10 -

Stockey failed to provide him with] access to the images and videos that were ultimately presented at trial. . . . [According to Appellant, if he had been able to see the images and videos prior to trial, he would have been able to prove that they] depicted someone other than the victim.

[Aside from Appellant's PCRA testimony,] no evidence was presented to substantiate [Appellant's] claim that the [images and videos] depicted someone other than the victim. . . . Even if [the PCRA court] accept[s] as true the [claim] that Attorney Stockey failed to provide [Appellant with the] discovery, we find that such unsupported testimony on the part of [Appellant] related to those depicted is insufficient to prove that he was prejudiced by the ineffective assistance of counsel. [Appellant's] testimony does not convince [the] court that individuals other than the victim were, in fact depicted in the images and videos.

PCRA Court Opinion, 5/21/18, at 9 (some capitalization omitted).

We agree with the PCRA court's cogent analysis and conclude that Appellant failed to prove that he was prejudiced by Attorney Stockey's alleged action. Therefore, Appellant's final claim on appeal is meritless.

As all of Appellant's claims on appeal are meritless, we grant counsel's petition to withdraw and affirm the PCRA court's order, which denied Appellant relief on his ineffective assistance of counsel claims.

Counsel's petition to withdraw granted. Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

- 11 -

J-S73039-18

Date: 9/5/2019